IN RE ESTATE OF LOGAN ENYART.
KATHERINE ENYART, APPELLEE, v. ALBERT F. ENYART,
APPELLANT.

FILED MARCH 16, 1917. No. 19168.

1. **Executors and Administrators:** SPECIAL ADMINISTRATOR: APPOINT-
   MENT: APPEAL. The special administrator provided for by section
   1381, Rev. St. 1913, has entirely different duties from those imposed
   upon a special administrator appointed under section 1341, Rev.
   St. 1913. The latter section provides that "no appeal shall be al-
   lowed from the appointment of such special administration."
   This provision does not apply to the administrator appointed un-
   der section 1381. From the appointment under section 1381 an
   appeal is allowed by the general provision for appeals from orders
   of the county court.

2. **Partnership:** DEATH OF PARTNER: SPECIAL ADMINISTRATOR: AP-
   POINTMENT. A special administrator to settle with the surviving
   partner of the decedent is authorized by section 1381, Rev. St.
   1913, only when such surviving partner is also the executor or
   administrator of the decendent's estate; that is, the general execu-
   tor or administrator having charge of the property of the decedent,
   including the residuary estate.

3. ———: ———: ———: ———. In such case, if the surviving part-
   ner is executor of a will disposing of only a part of the estate,
   and there is also a general administrator for the whole property
   including the residuary estate, such general administrator must
   settle with the surviving partner, and no special administrator is
   allowed for that purpose.

APPEAL from the district court for Otoe county: JAMES
T. BEGLEY, JUDGE. *Reversed with directions.*

*George W. Berge* and *L. F. Jackson,* for appellant.

*Paul Jessen* and *W. H. Pitzer, contra.*

SEDGWICK, J.

Logan Enyart died in Otoe county in November, 1912.
He left two separate, distinct wills. Each disposed of cer-
tain property specified therein. He also left a considerable
estate not disposed of by either of these wills. He and his

brother, Albert F. Enyart, were partners in business and as such in their partnership business had a considerable amount of property. By one of the wills he devised his interest in this partnership property to his brother, Albert F. Enyart, with the provision that his brother should pay to Katherine Enyart $5,000. Katherine Enyart was the widow of Logan Enyart, and after the death of the decedent it was contended that there was an antenuptial contract between Logan and Katherine Enyart, by which she barred herself from any right or interest in the property of the decedent. It was afterwards determined that this alleged contract was invalid, and that Katherine Enyart was entitled to participate in the property of her deceased husband as his widow. *In re Estate of Enyart,* 100 Neb. 337. She renounced all claims under the wills, and elected to take as the widow of her deceased husband. By the will which gave the decedent's interest in the partnership property to his brother, his brother, Albert F. Enyart, was nominated as executor, and was afterwards duly appointed as such by the county court of Otoe county, and H. D. Wilson was duly appointed general administrator of the estate not disposed of by these two wills. An application was made to the county court of Otoe county for appointment of a special administrator under section 1381, Rev. St. 1913. That court entertained the application and appointed a special administrator. From this order an appeal was taken to the district court for Otoe county. A motion was made to dismiss the appeal on the ground that no appeal was allowed. The appeal was dismissed by the district court, and from that order dismissing the appeal, an appeal has been taken to this court.

1. The first question then presented is whether an order appointing a special administrator under sections 1380 and 1381 is appealable. Those sections are as follows:

Section 1380. "The executor or administrator of a deceased partner shall settle with the surviving partner all the dealings and transactions of the partnership, as well as those remaining unsettled before the death of the deceased

partner, as of the said parties thereafter, and shall present
to the county court appointing such executor or adminis-
trator a full statement of the matter and manner of such
settlement, and upon due notice to all parties interested,
the said court shall examine, review, correct, approve, or
disallow such settlement. But if the said legal representa-
tives of such deceased partner and the surviving partner
cannot agree upon such settlement, the accounts of the
dealings and transactions of the partnership shall be set-
tled as heretofore."

Section 1381. "In case the executor or administrator of
a deceased partner be also his surviving partner, the county
court appointing him shall appoint a special administrator
to discharge the duties herein provided, and his powers
shall be limited thereto. Such appointment shall be made
upon the same proceedings as are provided by law for the
appointment of special administrators, when there is delay
in the granting general letters testamentary or of adminis-
tration."

These sections were enacted by the legislature of 1883.
Laws 1883, ch. 39. The title of the act is: "An act provid-
ing for selling the interests of a deceased partner and set-
tling the accounts between him and his surviving partners."
The administrator provided for in section 1381 is called a
special administrator, and his duties are limited to settling
with the surviving partner all the dealings and transac-
tions of the partnership, and his powers are limited to those
duties. It is in that sense that he is a special administra-
tor. His duties continue during the entire time of the set-
tlement with the surviving partner. The special adminis-
trator contemplated in section 1341 is only appointed tem-
porarily while there is a delay in granting general letters,
occasioned by an appeal or from some other cause. If an
appeal could be taken from his appointment, there would in
the meantime be no one to preserve or care for the estate.
Hence the provision that in such case no appeal shall be al-
lowed, but this consideration does not apply to the appoint-
ment of an administrator to settle with a partner of the de-

ceased, who is also general administrator of the estate. Section 1341, Rev. St. 1913, after reciting that a special administrator may be appointed when there is a delay in granting letters, occasioned by an appeal or from any other cause, provides: "No appeal shall be allowed from the appointment of such special administration." This provision forbidding the appeal applies only to "such special administration" as is provided for in that section. The district court was, we think, in error in dismissing this appeal.

2. The appellant contends that the conditions existing in this case did not authorize the appointment of a special administrator. It is perhaps unusual that a man makes two distinct wills, and still leaves a large portion of his property intestate. If a surviving partner is also "executor or administrator of a deceased partner," ordinarily he has full control of his deceased partner's estate. Section 1380 requires the executor to settle with the surviving partner of the decedent. If the same man is both a surviving partner and executor or administrator of the decedent's estate, it would be impossible that he should, as executor, settle with himself as surviving partner. But this is true only when he is general executor or administrator, and as such has custody and control of the residuary estate. This is the condition provided for in section 1381. The section uses the definite pronoun *the,* "In case *the* executor or administrator," and in the light of the other statutes this section should not be construed as though it read "In case any executor or administrator." These two wills, being special and not covering the whole estate, the executor of each of these wills is in a sense himself a special executor, and not *the* executor of the deceased partner's estate. The general administrator of this estate is H. D. Wilson, and he is not the surviving partner of the deceased. It is clear that the legislature did not intend that section 1381 should apply in such a case. The administrator, that is, the general administrator, who administers the residuary estate, is fully authorized, under these statutes, to settle with the partner of the decedent,

and it follows that no special administrator for that purpose was necessary or authorized by the statute. This general administrator will protect the interests of the widow, Katherine Enyart, and will "settle with the surviving partner all the dealings and transactions of the partnership." It is the duty of the surviving partner to see that the debts of the partnership are paid, and that the widow obtains such interest in the partnership property as the law gives her, and it is the duty of the general administrator to see that he does this, and to settle with him, representing those who are interested adversely to the surviving partner in the partnership property, if any.

The judgment of the district court is reversed and the cause remanded, with instructions to enter an order reversing the order of the county court.

REVERSED.